UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THE PEOPLE OF THE STATE OF NEW YORK,

                              Plaintiff,

v.                                                     6:21-CV-952
                                                          (DNH/TWD)

EDMOND G. PARENTEAU,

                              Defendant.
_____

APPEARANCES:

EDMOND G. PARENTEAU
Plaintiff, *pro se*
General Post Office
Guilford, New York 13780

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

The State of New York ("Plaintiff") commenced an action against Edmond G. Parenteau ("Defendant") for allegedly failing to have a current vehicle inspection. (Dkt. No. 1.) Defendant has since filed a notice of removal to this Court. *Id*. Defendant also filed an application to proceed *in forma pauperis* ("IFP Application"). (Dkt. No. 4.) A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1). After reviewing Defendant's IFP Application (Dkt. No. 4), the Court finds he meets this standard. Therefore, his IFP Application is granted.

Though the copy of the original complaint filed with the Court is largely illegible, it appears the state action involves a traffic ticket accusing Defendant of failing to have his motor vehicle inspected in violation of N.Y. Veh. & Traf. Law § 301. (Dkt. No. 1 at 6-7.) Defendant

contends that the New York statute requiring personal vehicles to be inspected violates his constitutionally protected private right to travel.[1]  *Id*. at 2; *see also* Dkt. Nos. 2, 5.  Thus, Defendant asserts removal is appropriate pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1331, to adjudicate his constitutional claim and ultimately to dismiss the criminal case against him.

After carefully considering Defendant's notice of removal and the documents attached thereto, this Court finds removal is inappropriate and recommends that this case be dismissed and remanded to state court.

A "civil action" initially filed in state court may only be removed to federal court if the action is one "of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that could have been filed in federal court may be removed to federal court by the defendant.").  Removability pursuant to this statute is "strictly construed, both because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns."  *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 922 F. Supp. 2d 475, 480 (S.D.N.Y.2013) (citation omitted).  Simply put, "all doubts should be resolved in favor of remand."  *Town of Southold v. Go Green Sanitation, Inc.*, 949 F. Supp. 2d 365, 371 (E.D.N.Y.2013) (citation omitted).

The basic statutory grants of federal subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332.  *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006).  The former provides for so-called "federal-question jurisdiction," and is properly invoked when a plaintiff

---

[1]  Defendant also argues that New York's vehicle inspection law only applies to commercial vehicles.  (Dkt. No. 2.)  However, New York law regarding the inspection of motor vehicles applies, by its express terms, to any motor vehicle registered in New York and used on public highways by any person.  N.Y. Veh. & Traf. Law §§ 300 and 301.

2

pleads a colorable claim "arising under" the Constitution or laws of the United States. *Id*. The latter, which provides for jurisdiction based on "diversity of citizenship," is properly invoked when the pleader presents a claim between parties of completely diverse citizenship and the amount in controversy exceeds $75,000. *Id*.

"Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." *Goel v. Ramachandran*, 823 F. Supp. 2d 206, 210 (S.D.N.Y. 2011) (quoting *United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994)). "A district court must remand a case to state court 'if at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" *Vera v. Saks & Co.*, 335 F.3d 109, 113 (2d Cir. 2003) (quoting 28 U.S.C. § 1447(c)).

As noted above, Defendant argues removal is appropriate because this Court has jurisdiction—pursuant to 28 U.S.C. § 1331—to consider his constitutional claim. However, the Court finds this action is not removable under 28 U.S.C. § 1441(a) because that statute only applies to a "civil action" commenced in State court. *Id*. Contrary to Defendant's characterization, the case being removed is a criminal action and therefore 28 U.S.C. § 1441(a) does not apply. Moreover, Defendant's invocation of a putative constitutional argument is merely an anticipated defense to liability under the Motor Vehicle Law, and this Court must ignore it for purposes of deciding whether Plaintiff's claim "arises under" federal law. *See Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Thus, because Defendant has failed to demonstrate that this case is removable pursuant to 28 U.S.C. § 1441(a), the Court recommends dismissing his removal petition and remanding this action to State court.

**ACCORDINGLY**, it is

**ORDERED** that Defendant's IFP Application (Dkt. No. 4) is **GRANTED** solely for purposes of initial review; and it is further

**RECOMMENDED** that the petition for removal (Dkt. No. 1) be **DISMISSED** and the matter be **REMANDED** to the state court in which the proceeding was commenced; and it is further

**ORDERED** that the Clerk provide Defendant with a copy of this Order and Report-Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[2] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: September 3, 2021
Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. 6(a)(1)(C).

4